| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ST. JOSEPH SUPERIOR COURT |
| | ) SS: | |
| ST. JOSEPH COUNTY | ) | CAUSE NO. 71D05-1410-CT-000358 |

LUCKY WEAH )
)
   Plaintiff )
)
v )
)
THE CITY OF SOUTH BEND, INDIANA; )
THE SOUTH BEND POLICE DEPARTMENT; )
SBPD OFFICER ANDREW HINES, PN 2178 )
   And )
SOUTH BEND OFFICERS CURRENTLY UNKNOWN )
   Defendants. )

FILED
OCT 10 2014
Clerk
St. Joseph Superior Court

## COMPLAINT FOR DAMAGES

### Preliminary Statement

1. This is an action at law to redress the deprivation under color of statute, ordinance regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, 1985 and 1988, and arising under law and statutes of the State of Indiana concerning the actions of the individually named officers of the South Bend Police Department in negligently and recklessly engaging in a police pursuit that ended in a collision, causing serious injury to plaintiff who was an innocent bystander. The action also seeks to redress the actions of the officers who illegally detained plaintiff, engaged in the use of excessive and unreasonable force against plaintiff, and failed to provide him with aid and assistance after they injured him. Finally, this action seeks to redress negligence, deliberate indifference and the customs, policies and practices of the City of South Bend and the South Bend Police Department insofar as the City has failed to adopt an adequate police pursuit policy.

2. This Court has jurisdiction over plaintiff's state law claims pursuant to Ind. Code § 34-13-3-1, and concurrent jurisdiction with the Federal Court of the Northern District of Indiana to hear plaintiff's federal law claims.

3. Plaintiff, Lucky Weah was at all material times a resident of St. Joseph County, Indiana, and a citizen of the United States of America.

4. The City of South Bend ("South Bend"), is a unit of government organized and existing under the statutes of the State of Indiana, which maintains and controls the South Bend Police Department.

5. At all material times, Defendant Andrew Hines and other unknown police officers were duly appointed and acting police officers of the South Bend Police Department ("the Department"), which is administered by South Bend.

6. At all material times Defendant police officers were acting under color of their official capacity as officers of the Department and as persons for purposes of §1983 and their acts complained of were performed under color of state law.

7. At all material times, defendant police officers were servants, agents and employees of Co-defendant, South Bend (a person for purposes of §1983), so that their acts are imputed to South Bend. Defendant Police Officers were acting pursuant to specific orders and directives from South Bend and South Bend provided each of them with an official badge and identification card which designated and described its bearer as a police officer of the Department.

8. At all material times, defendant police officers, separately and in concert, acted under color and pretense of law; to wit, under color of the statutes, ordinances, regulations, customs and usage of the municipality. They separately and in concert engaged in the illegal conduct

mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing injury to the plaintiff and depriving plaintiff of the rights, privileges and immunities secured to him by the United States Constitution and by the laws of the United States, and the State of Indiana.

**COUNT I  NEGLIGENCE**

9. On February 24, 2014, Officer Andrew Hines of the South Bend Police Department was working in his capacity as a police officer for the City of South Bend and driving a police car equipped with emergency lights, sirens and markings which identified the car as belonging to the South Bend Police Department.

10. On February 24, 2014, officer Hines noticed that a person driving a red Cadillac did not appear to be wearing a seatbelt. Officer Hines ran the plate of the Cadillac and found that the plate did not appear to be registered to the Cadillac.

11. Officer Hines activated his police car's red and blue emergency lights in an effort to stop the Cadillac.

12. Instead of stopping, the driver of the Cadillac accelerated and fled.

13. Officer Hines chased the Cadillac through the City of South Bend, reaching speeds of nearly 80 miles per hour, weaving in and out of city traffic.

14. The red Cadillac side swiped two to three cars parked on Woodside Street and continued to flee, running red lights and stop signs.

15. Officer Hines continued to chase the red Cadillac, demonstrating a blatant disregard for the welfare of those around him, including both parked vehicles, moving vehicles and pedestrians.

16. The red Cadillac continued to flee and nearly struck two pedestrians at the

intersection of High and Indiana Streets.

17. Officer Hines chased the Cadillac onto Dale Street and then onto Dubail and then onto High Street where it fled in a southerly direction.

18. As officer Hines chased the Cadillac on High Street, it ran a stop sign at High and Calvert traveling approximately 70 miles per hour. As the chase continued, the red Cadillac sped through a stop sign at the intersection of High and Ewing streets, traveling nearly 80 miles per hour and where it was grazed by a white SUV.

19. After colliding with the white SUV, the red Cadillac veered toward and crashed into several parked cars at a very high rate of speed, causing a high impact collision that sent several cars and car parts flying in several directions. Plaintiff, Lucky Weah, was walking on the sidewalk near the high impact collision.

20. Either the red Cadillac or one of the parked cars struck Lucky Weah, knocking him onto the street, causing a compound fracture to his lower left leg and a large deep abrasion to his upper left leg.

21. As a result of being struck during the above described collision, Lucky Weah suffered serious and permanent injuries.

22. Officer Hines failed to exercise reasonable care and breached a duty of reasonable care owed to Lucky Weah by engaging in the negligent operation of a police vehicle while pursuing a fleeing suspect.

23. Officer Hines' negligence was the direct and proximate cause of plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Officer Hines and the City of South Bend in an amount that will reasonably compensate him for his injuries and damages sustained,

medical expenses, pain and suffering, lost wages both past and future, the costs of this action, pre-judgment interest, attorney fees and all other just and proper relief in the premises.

## COUNT II

24. Paragraphs 1 through 23 of this Complaint are incorporated by reference as if repeated herein.

25. Following the events outlined in paragraphs 1 through 23 of this Complaint, officer Hines and other officers not yet identified, engaged in the use of excessive and unreasonable force against Lucky Weah.

26. Officer Hines and other officers of the South Bend Police Department rolled Lucky Weah onto his stomach, hancuffed him and jammed their knees into his back despite his obvious, serious injuries. These officers ignored plaintiff's requests for assistance and left him lying facedown, handcuffed in the street.

27. Officer Hines and the other officers caused an aggravation of Lucky Weah's injuries by causing road salt, dirt and debris to enter Mr. Weah's open wounds. These actions violated Mr. Weah's Fourth Amendment Right to be free from unlawful arrest and the use of unreasonable and excessive force as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against each of the Defendant Officers and the City of South Bend in an amount that will reasonably compensate him for his injuries and damages sustained, punitive damages, medical expenses, pain and suffering, lost wages both past and future, the costs of this action, pre-judgment interest, reasonable attorney's fees and all other just and proper relief in the premises.

## COUNT III

28. The allegations contained in paragraphs 1 through 27 are incorporated herein as if set forth again in full.

29. The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Unites States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and inactions of defendant City of south Bend, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. the use of force by police officers;

   b. the proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the provision of aid to injured persons.

   c. the failure of police officers to exercise due care while engaging in high speed motor vehicle pursuits that needlessly place innocent motorist and pedestrians at high risk of death and serious bodily injury.

   d. the failure to adopt an adequate policy to guide police officers in high speed motor vehicle pursuits.

WHEREFORE, Plaintiff demands judgment against the City of South Bend in an amount that will reasonably compensate him for injuries and damages sustained, for pre-judgment interest, the costs of this action, and all other just and proper relief in the premises.

## COUNT IV

30. In order to redress these violations of plaintiff's civil rights, plaintiff's counsel has

expended and will continue to expend substantial time in presenting this action.

31. Reasonable attorney fees and costs are recoverable under 42 U.S.C. Sec. 1988.

WHEREFORE, plaintiff requests that the Court award costs and attorneys' fees upon finding plaintiff prevailing parties.

### Jury Demand

32. Comes now Plaintiff by counsel and demands trial by jury.

*/s/ Jeffrey E. Kimmell*
Jeffrey E. Kimmell, 18734-71
218 West Washington St. #600
South Bend, IN 46601
Tel. 574-232-7410
Fax. 574-287-8396