UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUCKY WEAH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 3:14-cv-01988-PPS-CAN |
| ) | |
| CITY OF SOUTH BEND, INDIANA; ) | |
| SOUTH BEND POLICE DEPARTMENT; ) | |
| SOUTH BEND POLICE OFFICER ) | |
| ANDREW HINES AND SOUTH BEND ) | |
| POLICE OFFICERS CURRENTLY UNKNOWN, ) | |
|     Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Plaintiff claims that his damages and the conduct of the individual Defendants was directly and proximately caused by the actions and inactions of the City. The Plaintiff alleges in his third cause of action that:

"[T]he City…. encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a.    the use of force by police officers;

    b.    the proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the provision of aid to injured persons;

    c.    the failure of police officers to exercise due care while engaging in high speed motor vehicle pursuits that needlessly place innocent motorist (sic) and pedestrians at high risk of death and serious bodily injury;

    d.    the failure to adopt an adequate policy to guide police officers in high speed motor vehicle pursuits."

The Plaintiff makes no factual assertion as to how the City encouraged, ratified or was deliberately indifferent to more training or different training, supervision, investigation, or

discipline in the areas listed in his complaint.  The contentions made by the Plaintiff are merely legal conclusions or conclusory allegations.

In reviewing the sufficiency of a complaint under the plausibility standard a court must accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, at 1951, 173 L.Ed. 2d 868 (2009).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, at 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).  A complaint must contain "allegations plausibly suggesting (not merely consistent with)" and entitlement to relief. *Id. At 557*.

The Seventh Circuit, in McCauley v. City of Chicago, 671 F.3d 611 (7th Cir. 2011), interpreted Twombly and Iqbal to require the Plaintiff to "provide some specific facts" to support the legal claims asserted in the complaint.  The degree of specificity required is not easily quantified, but "the Plaintiff must give enough details about the subject-matter of the case to present a story that holds together." Brooks v. Ross, 579 F.3d 574, 578 (7th Cir. 2009).  The Plaintiff fails to provide specific facts that support his legal claims against the City; his third cause of action is nothing more than conclusory allegations and therefore are not entitled to a presumption of truth.

The Plaintiff further argues in his third cause of action that the City is liable because it failed to adhere to a plethora of things and this led subordinates to commit some wrongs against the Plaintiff; however, even if true, knowledge of subordinates' misconduct is not enough; the Defendants must have intended the "forbidden" outcome to occur.  Vance v. Rumsfield, 701 F.3d 193 (7th Cir. 2012).  The Plaintiff has presented nothing by way of facts to support this contention.

In §1983 actions a Plaintiff must identify a municipal policy or custom that caused an injury. Liability is not imposed on a municipality unless the deliberate action attributable to the municipality itself is the moving force behind the Plaintiff's deprivation of federal rights. <u>Bryan County v. Brown</u>, 520 U.S. 397 (1997). The Plaintiff has failed to allege how the City was the moving force behind the injury that was alleged or that there is a causal link between the municipal action and the deprivation of federal rights.

Because the Plaintiff failed to assert any facts that support a cause of action against the City, the Motion to Dismiss, regarding the Plaintiff's §1983 claims, pursuant to FRCP 12(b)(6), should be granted for the City.

> Respectfully submitted,
>
> /s Jeffrey L. Sanford
> Jeffrey L. Sanford, Atty No. 14111-71
> Deputy City Attorney
> 227 W. Jefferson Blvd., Suite 1200
> South Bend, Indiana 46601
> (574) 235-9241
> Attorney for the Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Jeffrey E. Kimmell, Attorney for Plaintiff, 218 W. Washington Street, Suite 600, South Bend, IN 46601 by depositing same in the United States Mail, postage prepaid this 5th day of November, 2014.

> s/Jeffrey L. Sanford
> Jeffrey L. Sanford