UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUCKY WEAH ) | |
|    Plaintiff, ) | |
| ) | |
| v ) | Case 3:14-CV-01988-PPS |
| THE CITY OF SOUTH BEND, INDIANA; ) | |
| THE SOUTH BEND POLICE DEPARTMENT; ) | |
| SBPD OFFICER ANDREW HINES, PN 2178 AND ) | |
| SOUTH BEND OFFICERS CURRENTLY UNKNOWN ) | |
|    Defendants. ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS

Defendant, South Bend, has filed a Motion to Dismiss the portion of Plaintiff's §1983 claim directed toward the City of South Bend. Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Court should deny Defendant's Motion for the following reasons:

**Notice Pleading**

Rule 8 of the Federal Rules of Civil Procedure clearly establishes that a claim is sufficiently pled so long as the Complaint contains a short plain statement of the grounds for jurisdiction, a statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. Plaintiff's Complaint far exceeds these requirements. The Supreme Court has made it clear that there is no heightened standard for pleadings filed in civil rights cases and that all civil actions are governed by pleading requirements established by Rule 8. *See* Leatehrman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S.163, 113 S.Ct. 1160, 122 L.Ed. 2d 517(1993); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1(2002).

**Plaintiff's Complaint**

In its memorandum, Defendant understates the factual allegations Plaintiff alleges in support of his §1983 claim against South Bend. Defendant focuses only on the averments contained in Count III of the Complaint and ignores the averments contained in Counts I and II of the Complaint which Plaintiff incorporates by reference. (*See* paragraph 28 of the Complaint) In Counts I and II, Plaintiff sets forth in great detail that officers working for the City of South Bend engaged in a high speed chase of a motorist who was wanted for the minor offense of failing to wear his seatbelt. The Complaint makes it clear that the chase went on for a prolonged period of time, endangering the safety of the general public, and resulted in a crash that severely injured Plaintiff. The Complaint further details that police proceeded to physically abuse Plaintiff after he was injured and lying in the street. These details clearly state a claim for liability against the police officers involved in the police chase and the subsequent physical abuse of the Plaintiff. The Complaint also sets out specific allegations that the officers "were acting pursuant to specific orders and directives from South Bend and South Bend provided each of them with an official badge and identification card which designated and described its bearer as a police officer of the Department." *Plaintiff's Complaint ¶ 7*

Plaintiff's Complaint goes on to specifically allege that "the conduct of the individual Defendants were directly and proximately caused by the actions and inactions of Defendant City of South Bend, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. the use of force by police officers;

  b. the proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the provision of aid to injured persons.

  c. the failure of police officers to exercise due care while engaging in high speed motor vehicle pursuits that needlessly place innocent motorist and pedestrians at high risk of death and serious bodily injury.

  d. the failure to adopt an adequate policy to guide police officers in high speed motor vehicle pursuits."

Thus, Plaintiff's Complaint clearly alleges facts which put South Bend on notice of the nature of the claims that Plaintiff makes against it. The Complaint does not merely recite statutory elements, it alleges detailed facts which are sufficient to support Plaintiff's claims against South Bend. The claims detailed in Count III specifically track the allegations contained in Counts I and II. That is all that is required at this stage of the litigation. Defendant asks the Court to impose a standard that would result in a dismissal of any claim against a municipality that does not specifically allege in detail that the municipality issued a directive or adopted a formal policy which instructs or orders its employees to violate citizen's civil rights. That is not what the law requires.

**The Law**

Defendant relies heavily on the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). While these cases may seem to require certain plaintiffs to plead their claims with greater detail than Rule 8 requires, the proper interpretation of these cases, consistent with Rule 8, is highlighted in the Seventh Circuit Case of Brooks v. Ross, 578 F.3d 574 (7th Cir. 2009). In

addressing Twombly, the Seventh Circuit points out that "[t]he Court did require . . . that the plaintiffs' claim be 'plausible.' In other words, 'it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Brooks, 578 F.3d at 581 quoting Twombly, 550 U.S. at 556. The Brooks court went on to further clarify the requirements of notice pleading by examining the Supreme Court's decision in Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). "Erickson reiterated that specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" Brooks, at 581. (internal quotations omitted).

Plaintiff has alleged South Bend police officers observed a minor traffic offense and then chose to engage in a high speed chase of a motorist, resulting in serious injuries to Plaintiff, an innocent bystander. Plaintiff has further alleged that the officers then used excessive force against plaintiff. Plaintiff's claim against South Bend is sufficient so long as this Court finds it "plausible" that the officers' conduct was in accordance with and attributable to the policies and practices of their employer, the City of South Bend. These policies or practices may be written or unwritten, and may be founded on the City's tolerance of the same or similar conduct.

Alternatively, Plaintiff's Complaint is sufficient if this Court finds it "plausible" that South Bend was deliberately indifferent by failing to provide the officers with proper training that could have prevented the violations of Plaintiff's rights, and that the failure to train resulted in Plaintiff's injuries and the violation of his rights. The Supreme Court has determined that plaintiffs can satisfy municipal liability claims based upon the actions of employees by simply showing that "if in light of the duties assigned to specific officers or employee the need for more

or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L. Ed.2d 412.

Plaintiff submits that the allegations against South Bend are plausible and that further details in support of his claims will be brought to light during the discovery process.  As such, his Complaint is more than sufficient to meet the requirements of the Federal Rules of Civil Procedure as interpreted by the United States Supreme Court and the Seventh Circuit Court of Appeals.

**Defendant's Improper on Case Law**

South Bend cites the case of Vance v. Rumsfield, 701 F.3d 193(7th Cir. 2012) as authority suggesting that a municipality cannot be held liable for the actions of its employees unless the municipality "intended the 'forbidden' conduct to occur."  South Bend misplaces its reliance on this case because the Vance v. Rumsfield opinion addresses a supervisor's personal liability under a Biven's type claim based on the actions of the supervisor's subordinates.  Vance v. Rumsfield does not address municipal liability claims under 42 U.S. §1983 and is inapplicable to Plaintiff's claim against South Bend.  Thus, South Bend errs in its assertion that it cannot be found liable absent proof that its policymakers intended a violation of plaintiff's civil rights.

WHEREFORE, Plaintiff requests that this Court deny Defendant South Bend's partial Motion to Dismiss and for all other relief just and proper in the premises.

S/Jeffrey E. Kimmell  
Jeffrey E. Kimmell, 18734-71  
218 West Washington St. #600  
South Bend, IN 46601  
Tel. 574-232-7410  
Fax. 574-287-8396

**Jeffrey L Sanford:**

jlsattlaw@aol.com, jsanford@southbendin.gov, gpawelsk@southbendin.gov